FREDERICK GAMM, HERMAN WALKER et al.

*v.*

SAMUEL E. RENNER.

[Filed March 24th, 1900.]

A printed blank deed for the conveyance of single lots contained the provision "that the lot hereby conveyed is not to be subdivided, and that no more than one residence is to be erected upon the same." The owner of four adjoining lots conveyed two in one deed, and the grantee treated them as one lot and built a single dwelling. Afterwards the owner conveyed to him the other two, and inserted the letter "s" in the blank space after the word "lot." The grantor still owned a large number of lots in the vicinity.—*Held,* that he could enjoin the grantee from building two houses on the two lots last conveyed.

Heard on pleadings and proofs in open court.

*Mr. Charles L. Corbin,* for the complainants.

*Mr. Abel I. Smith,* for the defendant.

PITNEY, V. C.

I think the question raised here is of considerable importance and should be disposed of promptly, and if I take the case home it may be some time before I can take it up for consideration. I have had an opportunity to think of it while the counsel were proceeding with the argument, and I will therefore dispose of it at once.

The bill is filed by Mr. Walker as the owner of several lots—over one hundred—on the Palisades overlooking the Hudson river, comprising a suburb called El Dorado. The property was bought by Walker at master's sale, and either then or afterwards he procured it to be laid out in lots. And for the purpose of selling them at retail he had a deed prepared and printed in blank, which contained certain building restrictions, and among others, one important for present purposes is this:

"And the party of the second part doth hereby further covenant and agree to and with the parties of the first part, their heirs and assigns, for and in behalf of himself, his heirs and assigns, that the lot [there is a blank left for the letter "s"] hereby conveyed is not to be subdivided, and that no more than one residence is to be erected upon the same."

There are four lots in El Dorado adjoining each other, facing on Hudson Place, namely, lots 13, 14, 15 and 16. Lots 15 and 16 were conveyed by Mr. Walker, the complainant, to one Frederick Gamm, by deed dated September 12th, 1895, which described lots 15 and 16 by numbers referring to the map. In this deed, in the clause which I have already read, the word "lot" is left standing without any sign of plurality inserted— the letter "s" was not inserted. I have the original deed before me. And under that deed Mr. Gamm erected a single dwelling on lots 15 and 16, treating them as one lot. Subsequently, on March 27th, 1896—six months later—the complainant conveyed to the same Frederick Gamm lots 13 and 14, adjoining lots 15 and 16 on the east, and fronting on the same street. They are described as lots 13 and 14 on the map, without any further description. Then the deed, which is the same blank precisely —printed blank—contains the same language as the previous one to Gamm did, except that the letter "s" is put in after "lot." The language is that "the party of the second part"— that is, Gamm—"hereby further covenants and agrees to and with the said parties of the first part, for and in behalf of himself, that the lots hereby conveyed *is* not to be subdivided, and that no more than one residence is to be erected *upon the same.*" Mr. Gamm, subsequently, in September of this year, conveyed these lots to the defendant in this cause, Mr. Renner. Mr. Renner commenced to erect two dwellings on the two lots—one on each—each lot being twenty-five feet front and a hundred and odd feet deep. As soon as it appeared from the work on the ground that he intended to erect two houses, Mr. Walker interposed his bill of complaint, and obtained a restraining order. There is no charge that Mr. Walker has been in laches at all, that he did not promptly proceed to interfere by notice and by bill. The defendant comes in with affidavits in answer,

Gamm v. Renner.

and sets up a variety of matters about Mr. Walker's dealing with other lots, which I think have nothing to do with the case.

The bill is here filed by Mr. Walker, the original owner and grantor, and the proof shows that he still is the owner of a large number of these lots; and the case is within the authority of *Coudert* v. *Sayre, 1 Dick. Ch. Rep. 386.* The cases that have given rise to difficulty of solution are those which arose between subsequent purchasers from the original covenantee and involved the question of abandonment or waiver of rights. That question has occupied the attention of the courts of England and of this country, especially in this state, in the case of *De Gray* v. *Monmouth Beach, 5 Dick. Ch. Rep. 329* (decided by Vice-Chancellor Green), and *Trout* v. *Lucas, 9 Dick. Ch. Rep. 361.* This case differs from those in that the bill is here filed by the original grantor, and the considerations influencing the court in the cases just referred to do not apply, certainly not in the same degree. But I find, as a matter of fact, after listening to the affidavits and examining the documents which have been presented, that there is nothing that Mr. Walker has done, in my judgment, that at all detracts from his right to insert this clause in the deed to Mr. Gamm, and to insist upon it as against this defendant.

I come down, then, precisely to the point where Mr. Corbin put it, that is, what is the meaning of this clause, and that depends on what is the meaning of the words "the same," the last words that I quoted from the covenant. There were two lots conveyed that are spoken of here in the plural, and it says, "lots hereby conveyed *is* not to be subdivided, and that no more than one residence is to be erected *upon the same.*" Now these blanks were prepared for the conveyance of a single lot, and the difficulty arises out of the fact that two lots were conveyed by numbers. If the language had been a lot fifty feet front and one hundred feet deep, which comprises lots 13 and 14, I think there would have been no difficulty of construction, but the trouble arises out of the fact that they are spoken of in this very clause as "lots," and then it is covenanted that no more than one residence is to be erected *upon the same.* Now, I am not ready to say that the question is not without difficulty, but my

opinion is that the construction claimed by the complainant is the true one, and that the restriction prevents the erection of more than one dwelling. The words "the same" refer to the two lots, not to each of the lots. I think that is the better construction.

I therefore pronounce in favor of the complainant, and grant the injunction. I do this thus promptly so that if either party wishes to appeal, he will not have any trouble.